**The STATE of Ohio, Appellee,**

v.

**BESANCON, Appellant.**

[Cite as *State v. Besancon,* 188 Ohio App.3d 141, 2010-Ohio-2147.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 09CA0031.

Decided May 17, 2010.

Martin Frantz, Wayne County Prosecuting Attorney, and Latecia E. Wiles, Assistant Prosecuting Attorney, for appellee.

Robert E. Moore, for appellant.

David S. Pennington, for amici curiae.

Dickinson, Presiding Judge.

## INTRODUCTION

{¶ 1} Matthew Besancon was driving a pick-up truck that was pulling a livestock trailer when he was stopped by a state trooper for not displaying a license plate on the trailer. Besancon told the trooper that he was on his way to a livestock auction and that he was using the trailer to transport cattle to the auction. The municipal court found him guilty of failure to display a license plate in violation of R.C. 4503.21(A). Besancon has appealed, arguing that he did not have to display a license plate on the trailer because it was "[f]arm machinery" under R.C. 4501.01(U). This court reverses his conviction because the trailer was "farm machinery" and, therefore, he did not have to display a license plate under R.C. 4503.21(A).

## A TRAILER IS A MOTOR VEHICLE

{¶ 2} Under R.C. 4503.21(A), "[n]o person who is the owner or operator of a motor vehicle shall fail to display in plain view on the * * * rear of the motor vehicle the distinctive number and registration mark * * * furnished by the director of public safety * * *." The issue in this case is whether the trailer that Besancon was pulling is a "motor vehicle," as that term is used in R.C. 4503.21. "[W]hether a particular vehicle falls within a definition of a 'motor vehicle' is normally a question of law." *Muenchenbach v. Preble Cty.* (2001), 91 Ohio St.3d 141, 148, 742 N.E.2d 1128, fn. 1.

{¶ 3} R.C. 4501.01(B) defines the term "[m]otor vehicle" for purposes of a number of chapters of the Ohio Revised Code, including Chapter 4503. Accordingly, "[m]otor vehicle," as used in R.C. 4503.21(A), "means any vehicle * * * that is propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires." R.C. 4501.01(B). R.C. 4503.01 adds trailers to the definition of "[m]otor vehicle" for purposes of certain sections of the Revised Code, including R.C. 4503.21. "Trailer," as used in R.C. 4503.01, means "any vehicle without motive power that is designed or used for carrying property or persons wholly on its own structure and for being drawn by a motor vehicle * * * [including] a vehicle used to transport agricultural produce or agricultural production materials between a local place of storage or supply and the farm when drawn or towed on a public road or highway at a speed greater than twenty-five miles per hour." R.C. 4501.01(M). Unless excluded, therefore, a trailer, including a trailer used for certain agricultural purposes, is a "motor vehicle" for purposes of R.C. 4503.21(A).

## FARM MACHINERY IS NOT A MOTOR VEHICLE

{¶ 4} Although the term "[m]otor vehicle" is broadly defined by R.C. 4501.01(B), that section specifically excludes a number of things that would otherwise fall within its broad definition, including "farm machinery." R.C. 4501.01(B). Because the term "motor vehicle," as used in R.C. 4503.21(A), is defined by 4501.01(B) and 4503.01, the exceptions listed in R.C. 4501.01(B) also apply to 4503.21(A). If the trailer Besancon was pulling is "farm machinery," therefore, it is not a "motor vehicle" for purposes of R.C. 4503.21(A).

## BESANCON'S LIVESTOCK TRAILER

{¶ 5} The state has argued that Besancon had to display a license plate on his livestock trailer under R.C. 4503.21(A) because it was a "trailer" under R.C. 4503.01. Besancon has argued that he did not need to display a license plate on it because it was "[f]arm machinery" under R.C. 4501.01(U).

{¶ 6} This court will start with Besancon's argument that the livestock trailer was "farm machinery." Under R.C. 4501.01(U), " '[f]arm machinery' means all machines and tools that are used in the production, harvesting, and care of farm products, and includes trailers that are used to transport agricultural produce or agricultural production materials between a local place of storage or supply and the farm * * *." Besancon has argued that the livestock trailer is a "machine[ ] [or] tool[ ] that [is] used in the production, harvesting, and care of farm products." He has also argued that it is a "trailer[ ] * * * used to transport agricultural produce or agricultural production materials between a local place of storage or supply and the farm."

{¶ 7} Regarding whether the livestock trailer is a "trailer[ ] * * * used to transport agricultural produce or agricultural production materials between a local place of storage or supply and the farm," this court notes that R.C. Chapter 4501 does not define "agricultural produce," "agricultural production materials," "storage," or "supply." Whenever the term "agriculture" is used in most sections of the Revised Code, however, it includes "animal husbandry, including, but not limited to, the care and raising of livestock." R.C. 1.61. As used in R.C. Chapter 929, " '[a]gricultural production' means commercial aquaculture, apiculture, animal husbandry, or poultry husbandry; the production for a commercial purpose of timber, field crops, tobacco, fruits, vegetables, nursery stock, ornamental shrubs, ornamental trees, flowers, or sod; * * * or any combination of such husbandry, production, or growth; and includes the processing, drying, storage, and marketing of agricultural products when those activities are conducted in conjunction with such husbandry, production, or growth." R.C. 929.01(A).

{¶ 8} If the Revised Code does not define a term, this court may look to its dictionary definition. *Dairy Farmers of Am., Inc. v. Wilkins,* 101 Ohio St.3d 100, 2004-Ohio-321, 802 N.E.2d 627, at ¶ 18–19 (referring to dictionary for definition of

"dairy production"). A dictionary definition of "produce" is "1a 1: something that is brought forth or yielded either naturally or as a result of effort and work * * * 2: agricultural products * * * 3: the progeny usu. of a female animal." Webster's Third New International Dictionary (1993) 1810. A dictionary definition of "storage" is "1a: space for storing * * * 2a: the act of storing or state of being stored * * * b: the price charged for keeping goods in a storehouse * * * c: the holding and housing of goods from the time they are produced until their sale." Id. at 2252. A definition of "supply" is "1: assistance, succour, aid 2: something that supplies or is supplied to a person or thing * * * d: the quantity or amount (as of a commodity) needed or available * * * e: items or a quantity * * * available for use, exploitation, or development * * * 4a: the quantity of goods and services offered for sale at various prices * * * 5: something that contains, delivers, maintains, or regulates a supply." Id. at 2297.

{¶ 9} We conclude that the cattle Besancon was hauling were "agricultural produce" under R.C. 4501.01(U) because they were the progeny of livestock animals. We further conclude that the auction house is a "place of * * * supply" under that section because it is a location at which goods are offered for sale at various prices. A magistrate found that Besancon was using the livestock trailer to transport cattle to an auction house. Besancon, therefore, was using it to transport agricultural produce between a local place of supply and his farm. Accordingly, it was farm machinery under R.C. 4501.01(U). Under R.C. 4501.01(U), there are no limitations regarding the speed below which a vehicle must operate to be considered farm machinery. The fact that Besancon was allegedly going faster than 25 miles per hour at the time he was stopped, therefore, does not take his livestock trailer outside the definition of farm machinery.

{¶ 10} The state has argued that, even if the livestock trailer is "farm machinery," Besancon cannot take advantage of that exception to the definition of motor vehicle under R.C. 4501.01(B) because R.C. 4503.01 specifically adds the term "trailer" to the definition of motor vehicle for purposes of R.C. 4503.21. According to the state, it is undisputed that Besancon was travelling over 25 miles per hour and that, therefore, his livestock trailer was a "trailer" within the meaning of R.C. 4503.01 because it was "a vehicle used to transport agricultural produce or agricultural production materials between a local place of storage or supply and the farm [being] drawn or towed on a public road or highway at a speed greater than twenty-five miles per hour." R.C. 4501.01(M).

{¶ 11} Just because R.C. 4503.01 adds the term "trailer" to the definition of "[m]otor vehicle" for purposes of R.C. 4503.21, however, does not mean that the "farm machinery" exception found in R.C. 4501.01(B) no longer applies. The fact that R.C. 4503.01 adds trailers to the definition of motor vehicle indicates that trailers are not otherwise within the definition of motor vehicle under R.C.

4501.01(B). The definition of "farm machinery" incorporated into R.C. 4501.01(B), however, includes "trailers that are used to transport agricultural produce or agricultural production materials between a local place of storage or supply and the farm." R.C. 4501.01(U). If the exceptions listed in R.C. 4501.01(B) applied only to sections of the Code unmodified by R.C. 4503.01's incorporation of "trailer" into the definition of motor vehicle, there would be no need for the definition of farm machinery to include a type of trailer because, under the general definition provided in R.C. 4501.01(B), a trailer could never be a motor vehicle. The state's argument would make the inclusion of a type of trailer in the definition of farm machinery superfluous.

{¶ 12} The state has noted that R.C. 4503.04 provides a registration fee for "farm trucks" and that the definition of farm truck includes trailers that transport livestock. R.C. 4503.04(J), (K), and (P)(3). Citing those provisions, it has argued that Besancon's trailer is not exempt from registration under R.C. 4503.19. Even if the state is correct that Besancon had to register the livestock trailer under R.C. 4503.04 and 4503.19, that is not the issue in this case. R.C. 4503.21 involves whether a person is required to display a license plate and only applies to someone "who is the owner or operator of a motor vehicle."

{¶ 13} Besancon's livestock trailer is both a "trailer" as that term is defined by R.C. 4501.01(M) and "farm machinery" as that term is defined by R.C. 4501.01(U). Under R.C. 2901.04(A), "sections of the Revised Code defining offenses * * * shall be strictly construed against the state, and liberally construed in favor of the accused." In reading R.C. 4501.01 and 4503.01 together in a light most favorable to Besancon, we conclude that his livestock trailer was "farm machinery" and that the farm-machinery exception provided in R.C. 4501.01(B) applies to the definition of motor vehicle under R.C. 4503.01 and 4503.21(A).

{¶ 14} The municipal court incorrectly determined that the "farm machinery" exception to the definition of "[m]otor vehicle" under R.C. 4501.01(B) did not apply. Because the livestock trailer was farm machinery, it was not a motor vehicle under R.C. 4503.01 and 4503.21(A). Besancon, therefore, did not have to display a license plate on it. His assignment of error is sustained.

## CONCLUSION

{¶ 15} A livestock trailer transporting cattle to an auction house is "farm machinery" under R.C. 4501.01(U). The judgment of the Wayne County Municipal Court is reversed.

Judgment reversed
and cause remanded.

MOORE and BELFANCE, JJ., concur.